UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------x
:
ERIC VEGA,                                            :
    Plaintiff,                               :
                                                  : Case No. 3:02CV2309 (AVC)
-against-                                             :
:
:
H.D. HOTELS, LLC d/b/a STAMFORD                       :
MARRIOTT HOTEL,                                       :
    Defendant.                                : March 16, 2004
------------------------------------------------------x

## DEFENDANT'S SECOND MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(4), and 12(b)(5), Defendant, H D Hotels, LLC (identified in the Complaint as "H.D. Hotels, LLC d/b/a Stamford Marriott Hotel") (hereinafter "Defendant") respectfully moves this Court for an order dismissing Plaintiff's Complaint on the grounds that Plaintiff failed to properly serve Defendant on or before March 12, 2004 as required by the Court's Order of March 2, 2004.

The Complaint was filed with the Court on December 30, 2002. On May 20, 2003, Defendant filed its Motion to Dismiss requesting that the Court dismiss the Complaint due to Plaintiff's failure to properly serve the Complaint within the 120 day limit imposed by Rule 4(m). Plaintiff attempted to serve the Complaint on Defendant by registered mail outside the 120 day period permitted by Rule 4(m). On March 2, 2004, this Court exercised its discretion under Rule 4(m) and denied Defendant's Motion to Dismiss. The Court also ordered as follows: "The plaintiff shall properly serve the defendant on or before March 12, 2004, and shall file a proper appearance of counsel as mandated by Local Rule 5(a) and 83.1." (Order, J. Covello, March 2, 2004.)

1

The Court's deadline of March 12, 2004 has expired and Plaintiff still has not properly served Defendant. Plaintiff's failure to serve the Complaint and file an appearance of counsel in compliance with the Court's Order deprives the Court of jurisdiction over Defendant. The Complaint should therefore be dismissed due to Plaintiff's failure to comply with the Court's Order of March 2, 2004 and his failure to satisfy the service requirements of Rule 4(m).

DEFENDANT,
H D HOTELS, LLC

By: /s/ James F. Shea
James F. Shea (ct 16750)
Thomas P. McDonough*
Jackson Lewis LLP
55 Farmington Avenue, Suite 1200
Hartford, CT 06105
Tel: (860) 522-0404
Fax: (860) 247-1330
sheaj@jacksonlewis.com

\* Application for admission pro hac vice forthcoming

## **CERTIFICATION OF SERVICE**

This is to certify that a copy of the foregoing was sent by first class mail, postage prepaid, on this 16th day of March, 2004, to the following:

>Brian J. Farrell
>Mitchell Gittin
>Fitzgerald & Fitzgerald, P.C.
>538 Riverdale Avenue
>Yonkers, New York 10705

_____
James F. Shea

H:\Client Folder\H\H D Hotel, LLC\Vega\Pld\2nd motion to dismiss.doc
25230

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------x
:
ERIC VEGA, :
    Plaintiff, :
: Case No. 3:02CV2309 (AVC)
-against- :
:
:
H.D. HOTELS, LLC d/b/a STAMFORD :
MARRIOTT HOTEL, :
    Defendant. : March 16, 2004
---------------------------------------------------x

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S SECOND MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(4), and 12(b)(5), Defendant, H D Hotels, LLC (identified in the Complaint as "H.D. Hotels, LLC d/b/a Stamford Marriott Hotel") (hereinafter "Defendant") respectfully moves this Court for an order dismissing Plaintiff's Complaint on the grounds that Plaintiff failed to properly serve Defendant on or before March 12, 2004 as required by the Court's Order of March 2, 2004.

The Complaint was filed with the Court on December 30, 2002. On May 20, 2003, Defendant filed its Motion to Dismiss requesting that the Court dismiss the Complaint due to Plaintiff's failure to properly serve the Complaint within the 120 day limit imposed by Rule 4(m). Plaintiff attempted to serve the Complaint by registered mail outside the 120 day period permitted by Rule 4(m). On March 2, 2004, this Court exercised its discretion under Rule 4(m) and denied Defendant's Motion to Dismiss. The Court also ordered as follows: "The plaintiff shall properly serve the defendant on or before March 12, 2004, and shall file a proper appearance of counsel as mandated by Local Rule 5(a) and 83.1." (Order, J. Covello, March 2, 2004.)

The Court's deadline of March 12, 2004 has expired and Plaintiff still has not properly served Defendant. To date, approximately 450 days have passed since Plaintiff filed the Complaint and Plaintiff still has not properly served Defendant. Plaintiff's failure to serve the Complaint and file an appearance of counsel in compliance with this Court's Order deprives the Court of jurisdiction over Defendant. The Complaint should therefore be dismissed due to Plaintiff's failure to comply with the Court's Order of March 2, 2004 and his failure to satisfy the service requirements of Rule 4(m).

## I.  FACTUAL ALLEGATIONS

This action stems from Plaintiff's termination from employment with Defendant. Defendant operates a hotel at 2 Stamford Forum, Stamford, Connecticut. Plaintiff began working for Defendant as a Loss Prevention Officer on August 23, 1999. Plaintiff was terminated by Defendant about one month later on September 24, 1999. Plaintiff claims that Defendant retaliated against him for investigating and reporting allegations of sexual harassment made by other employees of Defendant.

## II.  PROCEDURAL HISTORY

On December 30, 2002, Plaintiff filed a Summons and Complaint with this Court alleging that Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and Connecticut state law by terminating his employment. Plaintiff did not serve the Complaint on the Defendant within the 120 day deadline imposed by Rule 4(m). Instead, Plaintiff sent the Defendant the Complaint via registered mail delivered by the United States Postal Service. Defendant did not receive the Complaint until May 2, 2003, 123 days after this action was filed.

On May 20, 2003, Defendant filed a Motion to Dismiss the Complaint on the grounds that Plaintiff failed to properly serve the Complaint within 120 days of filing as required

2

by Rule 4(m) of the Federal Rules of Civil Procedure. On or about June 21, 2003, Plaintiff filed a Declaration In Opposition To Defendant's Motion To Dismiss, in which he admitted that he did not properly serve Defendant within 120 days of filing the Complaint. (Declaration, Para. 2). On July 17, 2003, Defendant filed a Reply Memorandum in Response to Plaintiff's Declaration.

On March 2, 2004, this Court issued an Order in which it denied Defendant's Motion to Dismiss. The Court exercised its discretion under Rule 4(m) and ordered as follows: "The plaintiff shall properly serve the defendant on or before March 12, 2004, and shall file a proper appearance of counsel as mandated by Local Rule 5(a) and 83.1." (Order, J. Covello, March 2, 2004).

As of March 16, 2004, four (4) days beyond the deadline imposed by the Court and approximately 450 days since Plaintiff filed the Complaint, Plaintiff has not served Defendant with the Complaint or filed an appearance of counsel with this Court. Because Plaintiff has continued to fail to timely or properly serve the Complaint, Defendant's Motion to Dismiss should be granted.

III. ARGUMENT

    A. **The Court's Order Required Service of the Complaint on or Before March 12, 2004**

Plaintiff's Complaint should be dismissed for lack of personal jurisdiction over Defendant. Plaintiff filed the Complaint with the United States Court for the District of Connecticut on December 30, 2002. "Valid service of process is an essential element of personal jurisdiction." Makife v. Federal Home Loan Mortgage Corp., 1996 U.S. Dist. LEXIS 9489, * 3 (S.D.N.Y. 1996) (citing Daval Steel Prods. v. M.V. Juraj Dalmatinac, 718 F.Supp. 159, 161 (S.D.N.Y. 1989)).

3

Consistent with the Court's Order of March 2, 2004, Plaintiff was permitted until March 12, 2004 to effect service of the Complaint upon Defendant pursuant to Rule 4(m). Specifically, Rule 4(m) provides as follows:

> If service of the Summons and Complaint is not made upon a defendant within 120 days after filing of the Complaint, the court, upon motion or on its own initiative after notice to the Plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The "rationale for [Rule 4(m)] is simple: It is to force parties and their attorneys to be diligent in prosecuting their causes of action." Wei v. State of Hawaii, 763 F.2d 370, 372 (9th Cir. 1985). Although Plaintiff failed to show good cause for his failure to serve Defendant within 120 days, the Court allowed Plaintiff an additional period of time to effect service in its Order of March 2, 2004. Despite the Court's intervention, Plaintiff still has not served Defendant with the Complaint. The Court should, therefore, dismiss the Complaint for lack of personal jurisdiction over Defendant because service was not effected in accordance with the Court's Order and Rule 4(m). Moreover, Plaintiff cannot show any good cause for his failure to properly effect service on or before March 12, 2004, as ordered by this Court.

### B. The Complaint Should Be Dismissed Because Plaintiff Failed To Timely Serve His Pleadings.

The Complaint was filed with the Court on December 30, 2002. At no point during the course of this litigation has Plaintiff effectively served Defendant. Plaintiff therefore failed to comply with the Court's Order requiring proper service of the Complaint on or before March 12, 2004 pursuant to Fed. R. Civ. P. 4(m). As stated above, the Court may dismiss the

4

Complaint for lack of personal jurisdiction over Defendant if service is not effected in accordance with Rule 4(m).

> District Courts generally consider three factors in determining whether 'good cause' exists to warrant service outside the 120 day limit: [1] whether the delay in service was 'the result of mere inadvertence,' or whether there has been a 'reasonable effort' to effect service[,] ... [2] prejudice to the defendant [,] ... [and 3] whether or not the plaintiff has moved under Fed. R. Civ. P. 6(b) for an enlargement of time in which to effect service.

Gowan v. Teamsters Union, 170 F.R.D. 356, 359-60 (S.D.N.Y. 1997) (quoting Gordon v. Hunt, 116 F.R.D. 313, 319-21 (S.D.N.Y. 1987)). Plaintiff cannot demonstrate "good cause" for his failure to comply with the Court's Order requiring Plaintiff to properly serve the Complaint by March 12, 2004.

"Attorney inadvertence or negligence simply does not establish good cause for failure to service within the prescribed period." Brown v. Pratt & Whitney Div., United Technologies Corp., 1997 U.S. Dist. LEXIS 14185, * 9 (D. Conn. 1997) (citing Zankel v. United States, 921 F.2d 432, 436 (2d Cir. 1990)). Because Plaintiff cannot show good cause why he failed to timely serve Defendant in compliance with this Court's Order, the Complaint must be dismissed.

## IV.   CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that the Court dismiss the Complaint on the grounds that Plaintiff failed to comply with the Court's Order of March 2, 2004 and failed to timely and properly serve the Complaint.

DEFENDANT,
H D HOTELS, LLC

By: _____
James F. Shea (ct 16750)
Thomas P. McDonough*
Jackson Lewis LLP
55 Farmington Avenue, Suite 1200
Hartford, CT 06105
Tel: (860) 522-0404
Fax: (860) 247-1330
sheaj@jacksonlewis.com

\*    Application for admission pro hac vice forthcoming

6

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was sent by first class mail, postage prepaid, on this 16th day of March, 2004, to the following:

>Brian J. Farrell
>Mitchell Gittin
>Fitzgerald & Fitzgerald, P.C.
>538 Riverdale Avenue
>Yonkers, New York 10705

_____
James F. Shea

H:\Client Folder\H\H D Hotel, LLC\Vega\Pld\2nd Memorandum in support of motion to dismiss.doc
25230