UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------------x

ERIC VEGA,

                Plaintiff,

-against-

H.D. HOTELS, LLC d/b/a STAMFORD
MARRIOTT HOTEL,

                Defendant.
-----------------------------------------------------------x

FILED

2004 APR -5 A 1:0

U.S. DISTRICT COURT
HARTFORD, CT.

3:02CV2309 (AVC)

DECLARATION IN
OPPOSITION TO
DEFENDANTS' SECOND
MOTION TO DIMISS

MITCHELL GITTIN, an attorney associated with the law firm of Fitzgerald & Fitzgerald, P.C., trial counsel to the plaintiff's attorney of record, Brian J. Farrell, Esq. (BF8708) makes the following declaration pursuant to 28 U.S.C. § 1746:

1. This declaration is submitted on behalf of the plaintiff in opposition to the defendant's second motion to dismiss the complaint, served on March 16, 2004.

2. As is shown below, proper service of the Summons and Complaint was made, pursuant to this Court's Order dated March 2, 2004, which denied the defendant's first motion to dismiss and extended the time for service of process to March 12, 2004 (**Exhibit 1**).

3. A copy of the affidavit of service is attached as **Exhibit 2**. It shows that service of the summons and complaint was made by delivery to Samuel M. Hurwitz, Esq., Registered Agent for the defendant, on March 10, 2004.

4. Samuel M. Hurwitz was identified in the defendant's first motion to dismiss as its registered agent. See **Exhibit 3** (Memorandum of Law in Support of Defendant's motion to Dismiss, dated May 19, 2003 at 5) and **Exhibit 4** (Affidavit of Samuel M. Hurwitz, Esq. sworn to May 16, 2003).

5. Following plaintiff's receipt of this Court's March 2, 2004 Order, your declarant confirmed that Mr. Hurwitz 's designation or appointment as registered agent for receipt of process remained in effect, by calling Mr. Hurwitz at his law office in New Haven. He advised me that he was the agent for receipt of service.

6. The plaintiff has forwarded the original affidavit of service (**Exhibit 2**) to the Clerk and a notice of appearance by Brian J. Farrell, Esq. has also been forwarded (see **Exhibit 5**) to the Clerk, in accordance with the Court's Order of March 2, 2004.

7. It may be presumed that the defendant's second motion to dismiss, served on March 16, 2004 was drafted and served before the defendant's attorneys were aware that the defendant's agent had been properly served with the summons and complaint on March 10, 2004.

8. Accordingly, the Court is respectfully requested to deny the defendant's second motion to dismiss.

Dated: Yonkers, New York
      March 25, 2004

                                              Mitchell Gittin

I declare under penalty of perjury that the foregoing is true and correct.
Executed on March 25, 2004.

Mitchell Gittin

To: Jackson Lewis LLP
    Attorneys for Defendant
    55 Farmington Ave., Suite 1200
    Hartfored CT 06105

BRIAN J. FARRELL (BF8708)
Attorney for Plaintiff
16 Lost Brook Lane
Wallingford CT 06492
917-842-4308

Exhibit

1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------x
:
ERIC VEGA, :
:
Plaintiff, :
:
-against- :   Case No. 3:02CV2309 (AVC)
:
:
H.D. HOTELS, LLC d/b/a STAMFORD :
MARRIOTT HOTEL :
:
Defendant. :   May 20, 2003
------------------------------------x

3:02cv2309 (AVC). March 2, 2004. This is an action for damages alleging violations of Title VII of the Civil Rights Act of 1964. The defendant, H.D. Hotels, LLC, now moves to dismiss the complaint on grounds that it was served three days beyond the 120 day window imposed by Rule 4(m) of the Federal Rules of Civil Procedure. The defendant maintains that because the plaintiff cannot show good cause for the failure to properly serve, the action must be dismissed. Although the court agrees with the defendant that the plaintiff has not shown good cause for the failure to properly serve the complaint, dismissal is inappropriate. "Even absent a showing of good cause, the court has discretion to extend the time for service." See Rule 4(m) Advisory Comm. Notes; Henderson v. United States, 517 U.S. 654, 658 n. 5 (1996). In exercising its discretion, the court considers: (1) whether the applicable statute of limitations would bar the re-filed action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision." Charles v. New York City Police Department, No. 96Civ9757, 1999 WL 717300 (S.D.N.Y. Sept. 15, 1999). Applying these factors, the court first observes that the plaintiff has averred, and the defendant does not dispute, that a re-filed action may be barred by the statute of limitations. Further, considering the fact that the defendant had actual notice of the claims asserted herein long ago, and that an extension of time for service will not result in prejudice to the defendant, the court shall exercise its discretion to grant an extension of time for service under Rule 4(m). The motion to dismiss (document no. 4) is therefore DENIED. The plaintiff shall properly serve the defendant on or before March 12, 2004, and shall file a proper appearance of counsel as mandated by Local Rule 5(a) and 83.1.

SO ORDERED.

Alfred V. Covello, U.S.D.J.

2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ERIC VEGA<br><br>Plaintiff(s), Petitioner(s)<br><br>against<br><br>H.D. HOTELS LLC D/B/A STAMFORD MARRIOTT HOTEL<br>Defendant(s), Respondent(s) | CLIENT: Gotham Process Service, Inc.<br><br>INDEX NO.: 3:02 CV 2309 (AVC)<br><br>DATE OF FILING: 12/30/2003<br><br>FILE# 99104A<br><br>**AFFIDAVIT OF SERVICE** |

STATE OF CONNECTICUT: COUNTY OF HARTFORD

I, William Overton being duly sworn according to law upon my oath, depose and say, that deponent is not a party to this action, is over 18 years of age and resides in Middlebury, CT.

Furthermore, that on **March 10, 2004 at 3:40 PM at c/o Samuel M. Hurwitz, Esquire-Registered Agent, Breener, Saltzman & Wallman, LLP-271 Whitney Ave, New Haven, CT 06511**, deponent served the **Summons In A Civil Action and Complaint** upon H.D. Hotels LLC d/b/a Stamford Marriott Hotel, (Defendant/Respondent) herein known as Recipient.

Said service was effected in the following manner:

By delivering to and leaving a true copy of each **Summons In A Civil Action and Complaint** with **Samuel M. Hurwitz Esquire** a person who is known to be the **Registered Agent** of said corporation and/or company, and who is authorized by said corporation and/or company to receive said **Summons In A Civil Action and Complaint**.

Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows:
Sex: **Male** Skin: **White** Hair: **Black** Age(Approx): **36-50** Height(Approx): **5'4" - 5'8"** Weight(Approx): **131-160 lbs**

I certify that the foregoing statements made by me are true, correct and my free act and deed. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

William Overton, Private Process Server

Sworn to before me on March 11, 2004

Notary Public
My Commission Expires: 08/31/2004

3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------x
ERIC VEGA,                               :
                                         :
Plaintiff,                               :
                                         :     Case No. 3:02CV2309 (AVC)
-against-                                :
                                         :
                                         :
H.D. HOTELS, LLC d/b/a STAMFORD          :
MARRIOTT HOTEL                           :
                                         :
Defendant.                               :     May 19, 2003
------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS

### I.   INTRODUCTION

Pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(4), and 12(b)(5), Defendant, H D Hotels, LLC (identified in the Complaint as "H.D. Hotels, LLC d/b/a Stamford Marriott Hotel") (hereinafter "Defendant"), respectfully moves this Court for an order dismissing Plaintiff's Complaint on the grounds that it was not properly served within 120 days of filing as required by Fed. R. Civ. P. 4(m).

The Complaint was filed with the Court on December 30, 2002. To date, Plaintiff has not properly served Defendant. Plaintiff's failure to serve the Complaint upon Defendant within one hundred twenty (120) days of filing suit deprives the Court of jurisdiction over Defendant. This Complaint should therefore be dismissed for Plaintiff's failure to satisfy the service requirements of Rule 4(m).

### II.  FACTUAL ALLEGATIONS

This action stems from Plaintiff's termination from employment with Defendant.

3

Defendant operates a 506-room hotel at 2 Stamford Forum, Stamford, Connecticut. Plaintiff began working for Defendant as a Loss Prevention Officer on August 23, 1999. Plaintiff was terminated by Defendant about one month later on September 24, 1999. Plaintiff claims that Defendant retaliated against him for investigating and reporting allegations of sexual harassment made by other employees of Defendant.

## II. PROCEDURAL HISTORY

On December 30, 2002, Plaintiff filed a Summons and Complaint with this Court alleging that Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and Connecticut state law by terminating his employment. Plaintiff did not serve the Complaint on the Defendant within the 120 day deadline imposed by Rule 4(m). (Affidavit of Stephen J. Koch ("Koch Aff.") at Para. 6).[1] Instead, Plaintiff sent Defendant the Complaint via registered mail, return receipt requested. (Koch Aff. at Para. 3). The envelope containing the Complaint is postmarked April 30, 2003, or 121 days after the Complaint was filed with this Court. Id. Defendant received the Complaint on May 2, 2003, or 123 days after this action was filed. Id. As of May 16, 2003, Plaintiff had not filed an Affidavit of Service with this Court.

Because Plaintiff failed to timely or properly serve his pleadings and the Complaint should therefore be dismissed.

## III. ARGUMENT

### A. Federal Rule 4(m) Requires Service of the Complaint Within 120 Days After Filing.

Pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(4), and 12(b)(5), Plaintiff's Complaint should be dismissed for lack of personal jurisdiction over Defendant. Plaintiff filed the Complaint with the United States Court for the District of Connecticut on December 30, 2002.

---

[1] The Koch Affidavit with attached exhibits is attached hereto as Exhibit 1.

2

"Valid service of process is an essential element of personal jurisdiction." Makife v. Federal Home Loan Mortgage Corp., 1996 U.S. Dist. LEXIS 9489, * 3 (S.D.N.Y. 1996) (citing Daval Steel Prods. v. M.V. Juraj Dalmatinac, 718 F.Supp. 159, 161 (S.D.N.Y. 1989)). Plaintiff had 120 days to effect service of the Complaint upon Defendant, as required by Rule 4(m). Specifically, Rule 4(m) provides as follows:

> If service of the Summons and Complaint is not made upon a defendant within 120 days after filing of the Complaint, the court, upon motion or on its own initiative after notice to the Plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The "rationale for [Rule 4(m)] is simple: It is to force parties and their attorneys to be diligent in prosecuting their causes of action." Wei v. State of Hawaii, 763 F.2d 370, 372 (9th Cir. 1985). Although more than 120 days have passed since Plaintiff filed his Complaint, Defendant has not been effectively served. The Court should therefore dismiss the Complaint for lack of personal jurisdiction over Defendant because service was not effected in accordance with the 120 day limit imposed by Rule 4(m) and Plaintiff has no good cause for the failure.

**B.    The Complaint Should Be Dismissed Because Plaintiff Failed To Timely Serve His Pleadings.**

The Complaint was filed with the Court on December 30, 2003. At no point has Plaintiff effectively served Defendant. Plaintiff therefore failed to meet the 120 day limit for service as required by Fed. R. Civ. P. 4(m). As stated above, the Court may dismiss the Complaint for lack of personal jurisdiction over Defendant if service is not effected in accordance with Rule 4(m).

> District Courts generally consider three factors in determining whether 'good cause' exists to warrant service outside the 120 day

3

limit: [1] whether the delay in service was 'the result of mere inadvertence,' or whether there has been a 'reasonable effort' to effect service[,] ... [2] prejudice to the defendant [,] ... [and 3] whether or not the plaintiff has moved under Fed. R. Civ. P. 6(b) for an enlargement of time in which to effect service.

Gowan v. Teamsters Union, 170 F.R.D. 356, 359-60 (S.D.N.Y. 1997) (quoting Gordon v. Hunt, 116 F.R.D. 313, 319-21 (S.D.N.Y. 1987)). Plaintiff cannot demonstrate "good cause" for his failure to comply with Rule 4(m). There is no evidence that Plaintiff attempted to properly effect service during the 120 days following filing of the Complaint. The fact that Plaintiff mailed the Complaint to the address of Defendant's hotel establishes that he could have effected proper personal service. (Koch Aff. at Para. 3). In fact, Plaintiff, for a short time, worked at Defendant's hotel. Moreover, Plaintiff could have served Defendant's agent for service of process registered with Secretary of the State for the State of Connecticut. (Affidavit of Samuel M. Hurwitz, Esq. ("Hurwitz Aff.") at ¶ 3). Additionally, there is no evidence that Plaintiff has requested an enlargement of time in which to effect service.

"Attorney inadvertence or negligence simply does not establish good cause for failure to service within the prescribed period." Brown v. Pratt & Whitney Div., United Technologies Corp., 1997 U.S. Dist. LEXIS 14185, * 9 (D. Conn 1997) (citing Zankel v. United States, 921 F.2d 432, 436 (2d Cir. 1990)). Because Plaintiff cannot show good cause why he failed to properly serve Defendant with 120 days of filing the Complaint, this action must be dismissed.

C. **The Complaint Should Be Dismissed Because Plaintiff Failed To Properly Serve Defendant.**

Plaintiff's mailing of the Summons and Complaint to Defendant by registered mail was not proper service. Plaintiff did not send Defendant a form to request waiver of service. (Koch Aff. at Para 4). Fed. R. Civ. P. 4 (e) (1) permits Plaintiff serve Defendant in a

manner permitted by Connecticut law for service in state courts. Under Connecticut law,

> If a corporation has no registered agent, or the agent cannot with reasonable diligence be served, the corporation may be served ... by sending a true and attested copy of the process, notice, or demand by registered or certified mail, return receipt requested, addressed to the secretary of the corporation at its principal office. Service is effective under this subsection at the earliest of: (1) The date the corporation receives the mail; (2) the date shown on the return receipt, if signed on behalf of the corporation; or (3) five days after its deposit in the United States mail ....

Conn. Gen. Stat. § 33-663.

Plaintiff cannot establish that service of Defendant by registered mail was appropriate under Connecticut law.

    1.    <u>Defendant Has A Registered Agent</u>.

Samuel M. Hurwitz, Esq. is registered with the Secretary of the State for the State of Connecticut as statutory agent for service of process for Defendant. (Affidavit of Samuel M. Hurwitz ("Hurwitz Aff.") at ¶ 2).[2] Mr. Hurwitz has no record of having been served with the Complaint in this matter. (Hurwitz Aff. at ¶ 3). Plaintiff could have discovered that Mr. Hurwitz was Defendant's agent for service through a simple search on the Secretary of the State's internet site. Plaintiff could have served Mr. Hurwitz at his business address, which is recorded with the Secretary of the State.

Because Defendant had a statutory agent of service available for service, Plaintiff's mailing of the Complaint to Defendant was not appropriate service.

    2.    <u>Plaintiff Did Not Mail The Complaint To Defendant's Secretary At Its Corporate Address</u>.

Plaintiff's delivery of the Complaint also does not comport with Conn. Gen. Stat. § 33-663 because Plaintiff did not send the Complaint to Defendant's principal office. Instead,

---

[2] The Hurwitz Affidavit is attached as Exhibit 2.

5

Plaintiff mailed the Complaint to Defendant's hotel at 2 Stamford Forum, Stamford, Connecticut. (Koch Aff. at ¶ 3-4; Exhibit A). Defendant's principal office, however, is Box 7002, 333 Post Road West, Westport, Connecticut 06881. The address of Defendant's office is recorded with the Secretary of the State.

3. <u>Plaintiff's Attempt At Service Was Untimely</u>.

In addition to ignoring Defendant's statutory agent and mailing process to the wrong address, Plaintiff's mailing still would not meet Fed. R. Civ. P. 4(m)'s 120 day time limit had he otherwise complied with Connecticut law. Conn. Gen. Stat. § 33-663 provides that service by registered mail is effective the earliest of the date the corporation receives the mail, the date shown on the return receipt, or five days after mailed. The mailing with the Complaint was not received and signed for at Defendant's hotel until May 2, 2003, or 123 days after filing. (Koch Aff. at ¶ 3). Additionally, the mailing was postmarked April 30, 2003. <u>Id.</u> If the Complaint was mailed that date, service would not be effective until five days later, or May 4, 2003, which follows the date of actual receipt.

Plaintiff's inexplicable delay until *after* the completion of Rule 4(m)'s 120 day deadline to attempt service in an improper manner "is clearly a case of inexcusable attorney inadvertence." <u>Burns & Russell Co. of Baltimore v. Oldcastle, Inc.</u>, 166 F.Supp.2d 432, 439 (D.Md. 2001) (problems encountered on last day for service do not constitute good cause for failure to serve).

6

## IV. CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that the Court dismiss the Complaint because Plaintiff failed to timely and properly serve his pleading.

DEFENDANT,
H D HOTELS, LLC

By: _____
James F. Shea (ct 16750)
Thomas P. McDonough*
Jackson Lewis LLP
55 Farmington Avenue, Suite 1200
Hartford, CT 06105
Tel: (860) 522-0404
Fax: (860) 247-1330

\*   Application for admission pro hac vice forthcoming

7

4

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------x
:
ERIC VEGA,                                            :
:
Plaintiff,                                            :
:                    3:02CV2309 (AVC)
-against-                                             :
:
:
H.D. HOTELS, LLC d/b/a STAMFORD   :
MARRIOTT HOTEL                                        :
:
Defendant.                                            :
------------------------------------------------------x

### AFFIDAVIT OF SAMUEL M. HURWITZ, ESQ. SUBMITTED IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

STATE OF CONNECTICUT:
                          ss: New Haven
COUNTY OF NEW HAVEN:

SAMUEL M. HURWITZ, being duly sworn, deposes and says:

1. I am an attorney with Brenner Saltzman & Wallman LLP, 271 Whitney Avenue, New Haven, Connecticut 06511.

2. I am also registered with the Secretary of the State for the State of Connecticut as statutory agent for service of process for H D Hotel, LLC ("H D Hotel"). H D Hotel operates the Stamford Marriott Hotel.

3. To the best of my knowledge, I have not been served, or otherwise received, a copy of the Summons and Complaint in the above-referenced matter.

I have read the above three (3) paragraphs and confirm under penalty of perjury that the statements are true and correct to the best of my knowledge. Where the facts set forth in

1

5

\\rhino\TrialWorks\CaseFiles\8916\Pleadings\bjf-notifeofappearance.doc

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------------X
ERIC VEGA,

                        Plaintiff,

      -against-

H.D. HOTELS, LLC, d/b/a
STAMFORD MARRIOTT HOTEL,

                       Defendant.
-----------------------------------------------------------X

02-CIV-2309 (AVC)

NOTICE OF APPEARANCE
PURSUANT TO LOCAL RULE 5(A)

      PLEASE TAKE NOTICE that pursuant to Local Rule 5(a) the undersigned appears as counsel for the plaintiff in this action.

Dated: March 24, 2004

                                           Brian J. Farrell, Esq. (BF8708)
                                           Attorney for Plaintiff
                                           16 Lost Brook Lane
                                           Wallingford CT 06492
                                           Tel: 917-842-4308
                                           Fax: 914-378-1092
                                           Email: bfarrell@lawfitz.com

To: Clerk of the Court

    Jackson Lewis LLP
    Attorneys for Defendant
    55 Farmington Avenue – Suite 1200
    Hartford CT 06105