UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ERIC VEGA,<br>　　　　Plaintiff,<br><br>V.<br><br>H.D. HOTELS, LLC d/b/a STAMFORD<br>MARRIOTT HOTEL,<br>　　　　Defendant. | 3:02 CV 2309 (AVC)<br><br><br>APRIL 30, 2004 |

## ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

H D Hotels, LLC (identified in the Complaint as "H.D. Hotels, LLC d/b/a Stamford Marriott Hotel")(hereinafter "Defendant"), by and through its attorneys, Jackson Lewis LLP, respectfully submits its Answer and Affirmative Defenses to the Complaint dated December 20, 2002 and states as follows:

### As to "INTRODUCTION"

1.　Paragraph 1 of the Introduction does not contain an allegation of fact to which a response is required. To the extent Paragraph 1 contains factual allegations, Defendant denies each and every allegation of unlawful conduct, except admits that Plaintiff commenced an action against Defendant.

### As to "JURISDICTION AND VENUE"

2.　Paragraph 2 does not contain an allegation of fact to which a response is required.

3.　Paragraph 3 does not contain an allegation of fact to which a response is required.

4.　Defendant denies the allegations of Paragraph 4.

## As to "PARTIES"

5. Defendant has insufficient information to admit or deny the allegations of Paragraph 5 and leaves Plaintiff to his proof.

6. Defendant admits the allegations of Paragraph 6.

7. Defendant admits the allegations of Paragraph 7.

## As to "OPERATIVE FACTS"

8. Defendant denies the allegations of Paragraph 8, except admits that Plaintiff commenced employment with Defendant on or about August 23, 1999.

9. Defendant denies the allegations of Paragraph 9.

10. Defendant admits that Plaintiff's duties included ensuring that the premises were safe for hotel guests and employees. Defendant denies the remaining allegations of Paragraph 10.

11. Defendant denies the allegations of Paragraph 11.

12. Defendant denies the allegations of Paragraph 12.

13. Defendant has insufficient information to admit or deny the allegations of Paragraph 13 and leaves Plaintiff to his proof.

14. Defendant denies the allegations of Paragraph 14.

15. Defendant denies the allegations of Paragraph 15.

16. Defendant denies the allegations of Paragraph 16.

17. Defendant denies the allegations of Paragraph 17.

18. Defendant denies the allegations of Paragraph 18, except admits that Plaintiff was discharged on September 23, 1999.

19. Defendant denies the allegations of Paragraph 19.

20. Defendant denies the allegations of Paragraph 20.

### As to "FEDERAL CAUSE OF ACTION"

21. Defendant admits that the Equal Employment Opportunity Commission issued a Notice of Right to Sue dated September 30, 2002. The Notice of Right to Sue speaks for itself. Defendant has insufficient information to admit or deny the remaining allegations of Paragraph 21 and leaves Plaintiff to his proof.

22. Defendant denies the allegations of Paragraph 22.

23. Defendant denies the allegations of Paragraph 23.

### As to "STATE LAW CAUSE OF ACTION"

24. Defendant admits the allegations of Paragraph 24.

25. Defendant denies the allegations of Paragraph 25.

26. Defendant denies the allegations of Paragraph 26.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his damages by not making reasonable efforts to seek and obtain comparable employment subsequent to his discharge.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust his administrative remedies and to satisfy the statutory prerequisites to filing suit with respect to his claim under the Connecticut Fair Employment Practices Act and Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000(e) et seq.

3

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's common law claim of negligent infliction of emotional distress is barred by the applicable statute of limitation in Conn. Gen. Stat. § 52-584.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's common law claim of intentional infliction of emotional distress is barred by the applicable statute of limitation in Conn. Gen. Stat. § 52-577.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of election of remedies.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed for inadequacy of process.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust his administrative remedies.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendant has acted in good faith and has not violated any rights which may be secured to Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed because all actions taken by Defendant with respect to Plaintiff were undertaken in good faith and for legitimate business reasons.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

Each and every action taken by Defendant with respect to Plaintiff was based upon legitimate factors.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the exclusive remedy provisions of the Connecticut Workers' Compensation Law.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed because Plaintiff has failed to satisfy the statutory prerequisites for bringing the claims alleged in the Complaint.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are not recoverable under every cause of action alleged in Plaintiff's Complaint.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

If the alleged conduct of any of Defendant's managers or employees was discriminatory or otherwise unlawful, which is denied, Defendant is not liable for punitive damages because such alleged conduct is contrary to Defendant's good faith efforts to comply with 42 U.S.C. § 2000(e), the Connecticut Fair Employment Practices Act, and all other relevant state, local and federal laws, rules and regulations.

DEFENDANT,
H D HOTELS, LLC

By: /s/ James F. Shea
Joseph A. Saccomano (ct 10336)
James F. Shea (ct 16750)
Jackson Lewis LLP
55 Farmington Avenue, Suite 1200
Hartford, CT 06105
Tel: (860) 522-0404
Fax: (860) 247-1330
saccomaj@jacksonlewis.com
sheaj@jacksonlewis.com

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was sent by first class mail, postage prepaid, on this 30th day of April 2004 to the following:

>Brian J. Farrell
>The Law Offices of Brian J. Farrell
>16 Lost Brook Lane
>Wallingford, Connecticut 06492

_____
James F. Shea

H:\Client Folder\H\H D Hotel, LLC\Vega\Pld\Answer.doc
25230